MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-Mail: honolululawyer@outlook.com

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Vince Picar

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCE PICAR, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| ROBERTS HAWAII, INC., | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff VINCE PICAR, by and through his attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## STATUS OF THE PARTIES

1. Plaintiff VINCE PICAR (hereinafter "PICAR") is and was at all times mentioned herein a resident of Hilo, Hawaii.

2. Defendant ROBERTS HAWAII, INC., (hereinafter "ROBERTS") at all times mentioned herein is a domestic profit corporation incorporated in the State of Hawaii.

## NATURE OF THE CASE

3. Plaintiff PICAR was hired by Defendant ROBERTS in 2002 as a school bus driver in Hilo, Hawaii.

4. Plaintiff PICAR was denied a reasonable accommodation for an assumed drug use/addiction problem in July 2020, and was terminated from employment with Defendant ROBERTS due to the assumed drug related disabilities on July 24, 2020.

5. This case is also brought pursuant to the Hawaii Whistleblower Proctection Act in that Plaintiff was terminated after reporting violations of law regarding safety to Defendant ROBERTS.

6. Plaintiff filed a Charge of Discrimination for disability discrimination with the Equal Employment Opportunity Commission (EEOC) on April 14, 2021, which was assigned case number 486-2021-00244.

## JURISDICTION

7. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990, as amended by the ADA Amendments Act of 2008.

8. The administrative prerequisites for filing the disability discrimination cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the EEOC on May 25, 2021.

## STATEMENT OF FACTS

9. Plaintiff PICAR was hired by Defendant ROBERTS in 2002 as a school bus driver in Hilo, Hawaii.

10. In July 2020, Plaintiff was notified that he needed to take a drug test for the upcoming school year. Plaintiff has never used illegal drugs and had always passed drug tests during his employment with Defendant ROBERTS.

11. On July 14, 2020, Plaintiff took the drug test as required.

12. On July 23, 2020, Plaintiff was notified by the Medical Review Officer for the testing facility that the drug test had been found to be "invalid", and that Defendant ROBERTS would notify Plaintiff when to retake the test. Plaintiff was ready to retake the drug test.

13. On July 22, 2020, Plaintiff had seen his doctor due to Covid-19 related symptoms, and he was placed off work until July 31, 2020, due to his Covid-19 symptoms.

14. On July 23, 2020, Jennifer Martin, Plaintiff's supervisor (hereinafter "MARTIN") sent Plaintiff a text to call her.

15. On July 23, 2020, Plaintiff sent a note from his doctor to the supervisor, MARTIN that he would be unable to work until July 31, 2020, due to Covid-19 symptoms.

16. On July 24, 2020, Plaintiff was notified that he was terminated from employment with Defendant ROBERTS, claiming that Plaintiff had refused to retake his drug test.

17. Prior to the aforesaid July 2020 issues with an invalid drug test, Plaintiff's attendance and work performance were good, and Plaintiff was able to perform the essential job functions of his position. Plaintiff had never been disciplined, nor failed to take and pass drug tests during his employment with Defendant ROBERTS.

18. Plaintiff was denied a reasonable accommodation for an assumed disability of drug use in the form of being allowed to retake his drug test.

19. If not for Defendant ROBERTS failure to allow Plaintiff to retake the drug test, and assumptions that he was using drugs, Plaintiff would not have been terminated from employment.

20. Plaintiff had complained before termination about safety issues with his school bus which had not been repaired and caused safety concerns. Plaintiff had submitted written reports, and sent a letter to management about safety problems with

his assigned school bus, but necessary repairs had not been made by the mechanics. Defendant ROBERTS management had not responded to the complaints of Plaintiff prior to his termination.

## STATEMENT OF CLAIMS

## COUNT I - DISABILITY DISCRIMINATION

21. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

22. The Americans With Disabilities Act of 1990, as amended, prohibits discrimination due to a disability, and to provide a reasonable accommodation to an employee with a disability, including medical leave. This includes situations where an employer regards an employee to have a disability, including assuming an employee is using drugs.

23. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990, as amended.

24. When Plaintiff's drug test was found to be "invalid", Defendant ROBERTS regarded Plaintiff as having a disability related to drug use/addiction and terminated Plaintiff's employment.

25. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

26. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

27. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

## COUNT II

## WHISTLEBLOWER'S PROTECTION ACT

28. Plaintiff repeats and realleges all prior allegations as if fully set forth herein.

29. The termination alleged was in violation of H.R.S. § 378-62 due to Plaintiff's report of a violation of law regarding the safety of his school bus, which Defendant ROBERTS ignored.

30. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff PICAR prays that judgment be entered on all Counts:

A. For reinstatement to Plaintiff PICAR's position with Defendant ROBERT's, including all benefits; and

B. For all damages to which Plaintiff PICAR is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, August 23, 2021.

      /s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Vince Picar